IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY C ROBINSON, EXECUTOR OF THE KIMBERLY C. HOSE ESTATE; <br><br> Plaintiff, <br><br> v. <br><br> CASS COUNTY PUBLIC WATER, <br><br> Defendant. | Case No. 4:21-00547-CV-RK |

### ORDER

On August 24, 2021, and on September 8, 2021, the Court entered Orders noting deficiencies in Plaintiff's pro se Complaint. In the latter Order concerning Plaintiff's Amended Complaint, the Court concluded, "Plaintiff fails to state a viable claim, and dismissal without prejudice is within the Court's discretion. *See Denton v. Hernandez*, 504 U.S. 25, 34 (dismissal of claims under 28 U.S.C. § 1915 is "an exercise of the court's discretion under the in forma pauperis statute" and is not a decision on the merits)." (Doc. 6.) However, considering Plaintiff's status as a self-represented litigant, the Court exercised its discretion to provide Plaintiff a final opportunity to cure the defects in her pleading. (*Id.*) The Court ordered Plaintiff to "file a Second Amended Complaint that states a claim upon which relief may be granted as required by the law as set forth above and that otherwise complies with the Federal Rules of Civil Procedure" on or before September 22, 2021. (*Id.*) Plaintiff made no such filing, and on September 27, 2021, instead filed Plaintiff's "Objection." (Doc. 7.)

As best can be discerned, Plaintiff's Objection argues that (1) pursuant to U.C.C. § 3-603 her claim of tender of payment "is . . . itself sufficient to substantiate the claim;" (2) that her "demand pursuant to Title 15 U.S.C. 1666: Billing Error was never addressed by Defendant(s)" was "sufficient to warrant due process;" and (3) that the Court "ignore[s] the rights of and den[ies] due process to 'We the People' aboriginal American Indian Claimant" because Plaintiff filed an application to proceed in forma pauperis "under threat, duress, and coercion."

When a plaintiff moves to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Carney v.*

*Houston,* 33 F.3d 893, 895 (8th Cir. 1994). Plaintiff's untimely Objection does not satisfy the Court's Order of September 8, 2021 (Doc. 6), and fails to clarify her claims; and Plaintiff's Amended Complaint still fails to state a viable claim. As such, dismissal without prejudice is within the Court's discretion. *See Denton*, 504 U.S. at 34.

Considering the Court's prior orders, the opportunities provided to Plaintiff to cure the deficiencies in her pleading, and the remaining defects in Plaintiff's Amended Complaint, the Court exercises its discretion to dismiss this case without prejudice.

## Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff's Objection (Doc. 7) is **OVERRULED.**

(2) The case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 29, 2021